NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| DAMIAN D. HARRIELL, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN JOHN CUZZUPE, *et al.*, <br><br> Defendants. | Civil No. 22-3268 (RMB/SAK) <br><br><br> **OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the filing of a prisoner civil rights complaint (Docket No. 1) by pro se Plaintiff Damian D. Harriell ("Plaintiff"), a pretrial detainee in Salem County Correctional Facility ("SCCF") in Woodstown, New Jersey. Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") (Docket No. 1-1), which will be denied without prejudice because Plaintiff failed to submit a certified copy of his prisoner trust account statement, as required by 28 U.S.C. § 1915(a)(2). Notwithstanding Plaintiff's IFP deficiency, this Court will

screen his complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c)(1).

## I.   Sua Sponte Dismissal

When a prisoner files a civil action against government officials or employees, or brings a claim based on prison conditions, courts must, pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1), review the complaint and *sua sponte* dismiss any claims that are:  (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.)  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

II.   DISCUSSION

   A.   The Complaint

The defendants to this action, brought under 42 U.S.C. § 1983, are Warden John Cuzzupe of SCCF and Officer Gaston. Plaintiff alleges that on April 25, 2022, he was housed in protective custody and was returning to his cell when Inmate Miller yelled out his cell door that Plaintiff was a snitch, and Plaintiff yelled back for him to mind his own business. When Plaintiff was outside his own cell, right next to the door to Miller's cell, Miller called out for an officer to "pop" his cell door open. Officer Gaston complied with Miller's request, and Miller stepped outside his cell

3

and punched Plaintiff in the face. Officer Gaston ran over to break it up and told Plaintiff that he was sorry for opening the door. Plaintiff alleges Officer Gaston knew they were separated for a reason, and that he should not open Miller's door until Plaintiff was safe in his own cell. Plaintiff alleges that Officer Gaston's boss "wrote him up" for this incident. Plaintiff is seeking money damages based on Officer Gaston's negligence, and on Warden Cuzzupe's failure to train.

### B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

"Under the Due Process Clause [of the Fourteenth Amendment as applied to state pre-trial detainees], prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates" and "protect prisoners from violence at the

hands of other prisoners." *Brown v. Smith*, No. 21-3127, 2022 WL 2383609, at *1 (3d Cir. July 1, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, "[a] prison official cannot be found liable for failure to protect an inmate unless the official was deliberately indifferent to the risk." *Id.* at *2 (quoting *Farmer*, 511 U.S at 837; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "[A]n official demonstrates deliberate indifference to the risk of inmate-on-inmate violence if, before an attack, the official knows an inmate faces 'an excessive risk of harm' from another prisoner but does nothing to prevent the assault. *Id.* (quoting *Bistrian v. Levi*, 696 F.3d 352, 369 (3d Cir. 2012), *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3d Cir. 2020)).

Plaintiff's allegation that he was housed in protective custody to keep him segregated from other inmates is sufficient to allege that he was subject to a risk of harm from other inmates. Plaintiff alleges that Officer Gaston was negligent for opening Inmate Miller's door before Plaintiff was secured in his own cell, and that Gaston immediately intervened after Miller punched Plaintiff, and he apologized for opening Miller's cell door. Without more information about Officer Gaston's knowledge of the facts, for instance, whether he heard Miller accusing Plaintiff of being a snitch just before he opened Miller's cell door, or that he could see Plaintiff was standing right next to Miller's cell door when he opened it, Plaintiff has not sufficiently alleged that Officer Gaston was deliberately indifferent to an excessive risk to Plaintiff's safety. The Court will dismiss this § 1983 claim without prejudice and grant Plaintiff leave to file an amended complaint to give him an opportunity to

5

allege additional facts to establish Office Gaston's deliberate indifference. Because Plaintiff has not pled a cognizable § 1983 failure to protect claim against Officer Gaston, Warden Cuzzupe can not be held liable as his supervisor. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-19 (3d Cir. 2017), *rev'd on other grounds, Taylor v. Barkes*, 135 S.Ct. 2042 (2015) (a supervisor is liable under § 1983 only if the supervisor personally joined the subordinate in violating a plaintiff's rights, directed others to violate the plaintiff's rights or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct or "'with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm.'")

Plaintiff accused Officer Gaston of negligence, but he did not specifically assert a negligence claim under the New Jersey Tort Claims Act, N.J.S. 59:1-1 *et seq.*, in his complaint. Even if the Court construed the complaint as alleging a negligence claim under state law, the Court would decline to exercise supplemental jurisdiction over such a claim at this time because Plaintiff has not stated a cognizable federal claim over which this Court has jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Plaintiff is free to bring such a claim in state court, although this Court makes no finding as to the merits or procedural posture of such a claim.

### III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint with leave to file an amended complaint.

An appropriate Order follows.

DATE: **August 26, 2022**     s/Renée Marie Bumb
                              Renée Marie Bumb
                              United States District Judge