NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAMIAN D. HARRIELL,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN JOHN CUZZUPE, *et al.*,<br><br>Defendants. | Civil No. 22-3268 (RMB/SAK)<br><br>**OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon pro se Plaintiff Damian D. Harriell's ("Plaintiff") second IFP application pursuant to 28 U.S.C. § 1915(a) (Docket Nos. 4, 5), and his amended complaint (Docket No. 6.) ("Plaintiff"). Plaintiff was a pretrial detainee in Salem County Correctional Facility ("SCCF") in Woodstown, New Jersey when he filed the original complaint. On August 26, 2022, this Court denied Plaintiff's first IFP application and dismissed his complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b). (Opinion and Order, Docket Nos. 2, 3). Plaintiff has properly completed his second IFP application, which establishes his financial eligibility to proceed without prepayment of the filing fee,

and the IFP application will be granted. Thus, the Court must screen Plaintiff's amended complaint.

I.  **Sua Sponte Dismissal**

When a prisoner is granted IFP status or files a civil action against government officials or employees, or brings a claim based on prison conditions, courts must, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c)(1), courts must review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citation omitted). The same standard applies to dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

### A. The Amended Complaint

The defendants to this action, brought under 42 U.S.C. § 1983, are Warden John Cuzzupe of SCCF and Officer Gaston. Plaintiff alleges that on April 25, 2022, while he was housed in protective custody in SCCF, he was returning to his cell from his recreation time when Inmate Miller yelled through his cell door that Plaintiff was a snitch. Plaintiff yelled back for him to mind his own business. While Plaintiff was

still outside his cell, Miller called out for an officer to "pop" his cell door open. Officer Gaston complied with Miller's request, and Miller stepped outside his cell and punched Plaintiff in the face. Officer Gaston knew that he should not open Miller's door until Plaintiff was safe in his own cell. Plaintiff alleges that Officer Gaston's boss "wrote him up" for this incident. Plaintiff is seeking money damages based on Officer Gaston's negligence, and on Warden Cuzzupe's failure to train.

### B. Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States; and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

"Under the Due Process Clause [of the Fourteenth Amendment as applied to state pre-trial detainees], prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates" and "protect prisoners from violence at the

hands of other prisoners." *Brown v. Smith*, No. 21-3127, 2022 WL 2383609, at *1 (3d Cir. July 1, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, "[a] prison official cannot be found liable for failure to protect an inmate unless the official was deliberately indifferent to the risk." *Id.* at *2 (quoting *Farmer*, 511 U.S at 837; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "[A]n official demonstrates deliberate indifference to the risk of inmate-on-inmate violence if, before an attack, the official knows an inmate faces 'an excessive risk of harm' from another prisoner but does nothing to prevent the assault. *Id.* (quoting *Bistrian v. Levi*, 696 F.3d 352, 369 (3d Cir. 2012), *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3d Cir. 2020)).

Plaintiff's allegation that he was housed in protective custody to keep him segregated from other inmates is sufficient to allege that he was subject to a risk of harm from other inmates. Plaintiff has failed, however, to allege deliberate indifference by Officer Gaston, after the Court point out this pleading deficiency and gave Plaintiff an opportunity to amend the complaint. Because Plaintiff has not pled a cognizable § 1983 failure to protect claim against Officer Gaston, Warden Cuzzupe cannot be held liable as his supervisor. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-19 (3d Cir. 2017), *rev'd on other grounds, Taylor v. Barkes*, 135 S.Ct. 2042 (2015) (a supervisor is liable under § 1983 only if the supervisor personally joined the subordinate in violating a plaintiff's rights, directed others to violate the plaintiff's rights or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct or "'with deliberate indifference to the

consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm.'"). The claim against Warden Cuzzupe will also be dismissed with prejudice.

Plaintiff accused Officer Gaston of negligence, but he did not specifically assert a negligence claim under the New Jersey Tort Claims Act, N.J.S. 59:1-1 *et seq.*, in his complaint. Even if the Court construed the complaint as alleging a negligence claim under state law, the Court would decline to exercise supplemental jurisdiction over such a claim because Plaintiff has not stated a cognizable federal claim over which this Court has jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Plaintiff is free to bring such a claim in state court, although this Court makes no finding as to the merits or procedural posture of such a claim.

## III.   CONCLUSION

For the reasons stated above, the Court will dismiss the amended complaint. An appropriate Order follows.

DATE: **March 21, 2023**          s/Renée Marie Bumb
                                  Renée Marie Bumb
                                  Chief United States District Judge